IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZACARIAS MOUSSAOUI, | ) | 1:01-cr-455 (LMB) |
| a/k/a "Shaqil," | ) | |
| a/k/a "Abu Jhalid al Sahrawi," | ) | |
| | ) | |
| Defendant. | | |

## ORDER

Acting pro se, defendant Zacarias Moussaoui ("Moussaoui" or "defendant") has filed four motions, three of which essentially repeat the same theme, which is that the defendant believes various governmental authorities are obstructing justice by preventing him from providing testimony in proceedings to help victims of various terrorist attacks and also from testifying at the Military Commission proceedings. These motions, which are often difficult to decipher, appear to claim that members of the Saudi royal family were behind the attacks on September 11 and other terrorist events and that defendant and Bin-Laden were somehow duped into their conduct by not being aware of this Saudi involvement. None of the proceedings referenced in these motions is pending in this district. Therefore, as previously explained to the defendant, his requests that this Court hold hearings on his various obstruction of justice claims are without merit. Those previously filed motions have been denied and he has appealed those rulings. [Dkt. Nos. 1937 and 1943]. Those notices of appeal divest the Court of its mandate to consider these repetitive claims. Moreover, even if the Court did have a mandate to consider these duplicative motions, they raise issues unrelated to any matter pending in this district and request relief not available to this defendant. For these reasons, it is hereby

ORDERED that the repetitive motions [Dkt. Nos. 1953, 1955, and 1956] be and are DENIED.

In the fourth motion, captioned as a Motion for Information, defendant asks for information about a bank account he claims to have had in Norman, Oklahoma some time before he was arrested in August 2001. He does not know the name of the bank. Defendant seems to believe that his inability to access information about the bank account is preventing him from being able to file litigation in Colorado to attack the SAMs imposed on him. This is a frivolous motion. Whatever assets defendant may have had when he was arrested in 2001 were not enough to enable him to hire an attorney and he was always deemed indigent by this Court and, consistent with that view, he was represented throughout his trial proceedings in this district by attorneys from the Federal Public Defender's Office and the Criminal Justice Act roster.

What may be confusing the defendant is that even if a prisoner qualifies for in forma pauperis status, he must nevertheless pay the $350.00 filing fee when he files a civil action in federal court raising issues about his confinement. If an inmate qualifies for in forma pauperis status, the fee may be paid in installments depending on the balance in the inmate's prison account and the monthly income into the account, and the additional $50.00 administrative fee is waived. Given defendant's prior indigent status, he does not need information about a former bank account to qualify for in forma pauperis status. Accordingly, his Motion for Information [Dkt. No. 1954] is DENIED.

As defendant has been advised multiple times, his criminal case is closed. Therefore, continuing to file motions unrelated to this case is improper, as is the repetitive nature of these motions. Defendant is wasting the resources of court staff who must scan his often two-sided

writings into the ECF system and this Court's time in having to read and respond to these motions. Accordingly, it is hereby

ORDERED that any further pleadings dealing with allegations of obstruction of justice, the SAMs governing defendant's incarceration, or his issues with the Saudi royal family will only have the first page scanned into the record for administrative purposes, the remaining pages will be discarded, and no action will be taken by the Court on those pleadings.

To appeal this decision defendant must file a written Notice of Appeal within fourteen (14) days of the date of this Order. Failure to timely file a notice of appeal waives defendant's right to appellate review of this decision

The Clerk is directed to forward copies of this Order to counsel of record and defendant, pro se.

Entered this 2nd day of September, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge